CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 03 2016

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SHELLS AND FISH IMPORT AND EXPORT COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) Civil Action No. 3:14-CV-00025 ) |
| v. | ) **MEMORANDUM OPINION** ) ) Hon. Glen E. Conrad |
| PROCESS ENGINEERING AND FABRICATION, INC., | ) Chief United States District Judge ) ) |
| Defendant. | ) ) |

Plaintiffs Shells & Fish Import and Export Company ("Shells & Fish") and SFC Logistics, Inc. ("SFC") bring this diversity action against Process Engineering and Fabrication, Inc. ("Process Engineering"), seeking recovery for state-law contract and fraud claims. The case is presently before the court on plaintiffs' motion for summary judgment. The court notified Process Engineering as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), but Process Engineering has not filed a response and the time for doing so has passed. For the reasons set forth below, the motion will be granted.

### Background

Plaintiff Shells & Fish is a Florida corporation engaged in the wholesale seafood business. Plaintiff SFC is an affiliate of Shells & Fish. Defendant Process Engineering is a Virginia corporation in the business of selling and installing fish packing and refrigeration systems.

Sometime within the first half of 2012, Process Engineering agreed to deliver and install fish packing and refrigeration units in an Ecuadorian facility owned by SFC's parent company. Def.'s Resp. to Pls.' Interrogs., Dkt. 47-1; Dec. of Carlos Omana, Dkt. 47-3. Representatives

from Process Engineering negotiated the contract with Carlos Omana ("Omana"). Dec. of Carlos Omana, Dkt. 47-3. At the time, Omana was an employee of Shells & Fish. Id. All invoices for payment were sent from Process Engineering to SFC. Invoice Nos. 3864-1, 3864-2, Dkt. 16-1. Process Engineering received payment of $50,000 from Shells & Fish and $361,568.38 from SFC. Def.'s Resp. to Pls.' Interrogs., Dkt. 47-1; Dec. of Carlos Omana, Dkt. 47-3. This sum amounted to ninety percent of the total purchase price. See Custom Spiral Proposal 3864A for Shells & Fish, Dkt. 1-1.

Additionally, through a sworn declaration, answers to plaintiffs' interrogatories, and emails between Process Engineering representatives and Omana, plaintiffs have demonstrated the following: Process Engineering represented to Shells & Fish that the refrigeration unit had been ordered and would be shipped in January of 2013. See Email from Jimmy Sokora to Carlos Omana (January 24, 2012), Dkt. 16-1. After shipping and installation delays, representatives from Process Engineering and Omana met in person. Dec. of Carlos Omana, Dkt. 47-3. At this meeting, a Process Engineering representative made a phone call, in the presence of Omana, purporting to place an order for the refrigeration unit. Id. The alleged recipient of the order later confirmed that it had not been contacted by Process Engineering regarding such an order. Id. To date, only the fish packing equipment and a portion of the refrigeration unit has been delivered and installed. Def.'s Resp. to Pls.' Interrogs., Dkt. 47-1.

## Standard of Review

An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists, the court must "view the facts and all justifiable inferences arising therefrom in the light most

2

favorable to the nonmoving party." Libertarian Party of Va. v. Judd, 718 F.3d 309, 313 (4th Cir. 2013). To withstand a summary judgment motion, the nonmoving party must produce sufficient evidence from which a reasonable jury could return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When the non-movant fails to respond to the motion, the court should enter summary judgment for the movant where judgment as a matter of law is warranted." CIT Small Bus. Lending Corp. v. Kamguia, No. 4:10CV00021, 2011 WL 182116, at *2 (W.D. Va. Jan. 20, 2011) (citing Fed. R. Civ. P. 56(e)(2) and Custer v. Pan American Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)).

## Discussion

### I. Breach of Contract

Shells & Fish and SFC have asked for summary judgment on the breach of contract claim, arguing that Process Engineering failed to complete the delivery and installation of the refrigeration unit despite being paid ninety percent of the contracted purchase price. Under Virginia law, the elements of a cause of action for breach of contract are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 267 Va. 612, 619 (2004).[1] Here, there is no dispute that Process Engineering agreed to deliver and install complete refrigeration and fish packing units or that Process Engineering failed to deliver and install a portion of the refrigeration unit. See Def.'s Resp. to Pls.' Interrogs., Dkt. 47-1. Shells & Fish and SFC have produced evidence that Omana, an employee of Shells &

---

[1] Plaintiffs request relief under Virginia law. The court notes that none of the parties contest the application of Virginia law to plaintiffs' claims. See Bilancia v. General Motors Corp., 538 F.2d 621, 623 (4th Cir. 1976) ("The failure of the [parties] to object . . . waived any right on their part to complain that the action was improperly submitted as one controlled by Virginia law."); Glude v. Sterenbuch, 133 F.3d 914, 1998 WL 7936, at *4 (4th Cir. 1998) ("[B]ecause the parties have not contested the district court's application of Maryland law, we assume for purposes of appeal that such application as appropriate.") (citations omitted).

3

Fish, negotiated the contract and that invoices were billed to SFC. Dec. of Carlos Omana, Dkt. 47-3; Invoice Nos. 3864-1, 3864-2, Dkt. 47-1. Process Engineering has failed to present any evidence in rebuttal. Therefore, the court believes that plaintiffs have established a legally enforceable obligation of the defendant and a breach of that obligation.

Similarly, it is undisputed that SFC and Shells & Fish paid $ 411,568.38, ninety percent of the contract price, for the delivery and installation of fish packing and refrigeration units. Def.'s Resp. to Pls.' Interrogs., Dkt. 47-1. Moreover, the documents sent on April 30, 2012 to Omana from Process Engineering suggest that the total cost of the refrigeration unit was $150,000. See Custom Spiral Proposal 3864A for Shells & Fish, Dkt. 1-1. Because part of the refrigeration unit was not delivered or installed, yet plaintiffs have paid for ninety percent of the purchase price of both units, the court determines that plaintiffs have established injury. The court will thus grant plaintiffs' motion for summary judgment as to the breach of contract claim.

**II.    Fraud**

Shells & Fish and SFC also ask the court to grant plaintiffs' motion for summary judgment on the fraud in the inducement claim. In order to prevail on a fraud claim, a plaintiff must demonstrate the following: (1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. Meridian Title Ins. Co. v. Lilly Homes, Inc., 735 F. Supp. 182, 185 (E.D. Va. 1990) (quoting Winn v. Aleda Construction Co., 227 Va. 304, 308 (1984)). "[I]t is not necessary that fraud be proved by direct and positive evidence. Circumstantial evidence is not only sufficient, but in most cases is the only proof that can be adduced." Cook v. Hayden, 183 Va. 203, 209 (1944).

Here, plaintiffs have put forth evidence establishing that Process Engineering represented

4

that it had recently partnered with Froztec, a company that could supply the refrigeration unit. Def.'s Resp. to Pls.' Interrogs., Dkt. 47-1; Email from Jimmy Sokora to Carlos Omana (January 24, 2012), Dkt. 16-1. In April of 2012, Process Engineering agreed to supply and install refrigeration and fish packing units in an Ecuadorian facility owned by SFC's parent company. Def.'s Resp. to Pls.' Interrogs., Dkt. 47-1. On August 8, 2012, Process Engineering allegedly ordered a Mayekawa refrigeration unit and conveyed to Shells & Fish that the refrigeration unit would be sent in January of 2013. Resp. to Pls.' Interrogs., Dkt. 47-1; Dec. of Carlos Omana, Dkt. 47-3. Process Engineering did not tell plaintiffs which brand of refrigeration unit it ordered. Dec. of Carlos Omana, Dkt. 47-3. Instead, Process Engineering represented, almost a year earlier, that it had partnered with Froztec. Id. By April 2013, however, there were concerns as to whether Process Engineering had indeed ordered and obtained a refrigeration unit. See Email from Carlos Omana to Mark Showalter (April 10, 2013), Dkt. 16-1. Omana followed up by meeting in person with a representative from Process Engineering, Bob Amacker. Dec. of Carlos Omana, Dkt. 41-3. At that meeting and in front of Omana, Amacker made a phone call, purportedly to Froztec, to order the refrigeration unit. Id. Omana later followed up with Froztec and determined that Froztec had never received a call from Process Engineering regarding this order. Id. In response to plaintiffs' motion, Process Engineering has not presented any evidence in rebuttal.

The court finds that plaintiffs have proven that a representative from Process Engineering pretended to call a refrigeration unit supplier in the presence of a representative from Shells & Fish. The court regards this fact as undisputed. See Fed. R. Civ. Pro. 56(e)(2) ("If a party fails to properly . . . address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). Considering that the record is devoid of any evidence

5

suggesting differently, the court believes that a rational and likely inference from this proven fact is that Process Engineering was intent on deceiving plaintiffs and keeping them in the contract. Moreover, the plaintiffs have demonstrated that the delivery and installation of a refrigeration unit was material to the agreement. See Custom Spiral Proposal 3864A for Shells & Fish, Dkt. 1-1. Emails between Omana and representatives of Process Engineering demonstrate that Shells & Fish continued to ask about the refrigeration system and what was needed for a successful installation into June of 2013. Email from Carlos Omana to Mark Showalter (June 17, 2013), Dkt. 16-1. Finally, there is no question that plaintiffs have been damaged. They have paid over $400,000, ninety percent of the contract price, for both the refrigeration unit and the fish packing unit. Def.'s Resp. to Pls.' Interrogs., Dkt. 47-1; Dec. of Carlos Omana, Dkt. 47-3. However, plaintiffs did not receive part of the refrigeration unit. Def.'s Resp. to Pls.' Interrogs., Dkt. 47-1. Therefore, the court believes that plaintiffs are entitled to judgment as a matter of law as to their fraud claim, and the court will grant plaintiffs' motion for summary judgment.

## Conclusion

For the reasons stated, the court will grant plaintiffs' motion for summary judgment. Assuming that the damages sought by plaintiffs are not liquidated under the contract, the Clerk is directed to schedule a jury trial for adjudication of damages. The Clerk is further directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 3rd day of November, 2016.

_____
Chief United States District Judge

6